NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIAN HEAD, M.D., | No. 17-55942 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01563-SVW-PLA |
| v. | |
| ROBERT WILKIE, Secretary of Department of Veterans Affairs; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted April 9, 2019
Pasadena, California

Before: TASHIMA and PAEZ, Circuit Judges, and KATZMANN,[**] Judge.

Christian Head, M.D., appeals the district court's orders granting summary

judgment to defendants in his employment discrimination lawsuit. We have

jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the district court's grant of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

summary judgment on Head's race-based claims for failure to exhaust and its denial of discovery under Federal Rule of Civil Procedure 56(d).[1]  Because the district court erred in denying discovery, we vacate the remaining summary judgment orders and remand for further proceedings.  The facts and the procedural background are discussed in the concurrently filed opinion.  We do not repeat that information here.

**1.**     Applying de novo review, *see B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), we first reverse the district court's grant of summary judgment on Head's race-based Title VII claims because the district court erroneously held that these claims were not administratively exhausted.  We have jurisdiction "over all allegations of discrimination that either 'fell within the scope of the [Equal Employment Opportunity ("EEO")]'s *actual* investigation or an [EEO] investigation which *can reasonably be expected* to grow out of the charge of discrimination.'"  *Id*. at 1100 (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)).  Although the 2011 EEO counselor report did not explicitly mention race, other aspects of Head's charge could have reasonably led an investigator to investigate possible racial discrimination.  Head referred to his prior EEO complaints, the 2008 Department of Veteran Affairs ("VA") internal

---

[1] In a concurrently filed opinion, we reverse the district court's grant of summary judgment on Head's conspiracy claim under 42 U.S.C. § 1985(2).

investigation, as well as his testimony in a colleague's EEO case ("the Bowers case"). The underlying factual allegations in those documents and investigations involved claims of disparate treatment and harassment based on race.

Notably, the 2008 internal investigation issued a report finding that Head was not treated similarly to others in his department in terms of his assignment and protected time for research. The report was unable to conclude definitively whether there was racial discrimination, but it discussed that allegation and would have reasonably put an EEO investigator on notice. Head also pointed the EEO investigator to his testimony in the Bowers case, in which he discussed the general culture of racial discrimination at the VA as well as specific instances of race-based discrimination. Although Head may not have "checked the box" for race-based discrimination, an EEO investigator looking at the information provided could reasonably see that the factual allegations underlying Head's claims of retaliation were rooted in his complaints about being treated differently from others, allegedly on the basis of race. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 645–47 (9th Cir. 2003).

We must construe Head's EEO charge "liberally" because such administrative complaints "are made by those unschooled in the technicalities of formal pleading." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456, 1458 (9th Cir. 1990) (internal quotation marks and citation omitted). In his complaint, Head claimed

that he endured a pattern of harassment and disparate treatment from former supervisors, and that he was retaliated against by later VA supervisors for reporting those prior actions. Thus, Head's race-based claims are "reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *B.K.B.*, 276 F.3d at 1100. We therefore reverse the district court's grant of summary judgment on these claims to the extent that they were dismissed for failure to exhaust.

2.      We also conclude that the district court's denial of Head's Rule 56(d) motion for discovery constituted an abuse of discretion. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Ft. Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). We have stressed that "district courts should grant any Rule 56[(d)] motion fairly freely" where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to [his] theory of the case." *Id*. Here, there was no opportunity for the parties to engage in discovery because the district court ordered briefing on summary judgment immediately upon denying the third motion to dismiss. The parties never exchanged initial disclosures or held a Rule 26(f) conference.

In his opposition to the summary judgment motion, Head's attorney timely filed an affidavit identifying relevant information and his basis for believing that the information sought existed and why it was necessary. *See Family Home & Fin.*

4

*Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Defendants argue that the affidavit was not sufficiently detailed, but that specificity requirement is premised on some discovery having taken place. *See id.* (holding that the moving party "was not entitled to *additional* discovery because it failed to file timely motions to compel and extend discovery" (emphasis added)); *see also Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006).

In a case involving allegations of employment discrimination—a fact-intensive inquiry—the complete denial of discovery placed Head at a disadvantage in responding to "a premature motion for summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *see also Jacobson v. U.S. Dep't of Homeland Sec.*, 882 F.3d 878, 882–84 (9th Cir. 2018); *Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1362–63 (9th Cir. 1985). It makes no difference that Head did not renew his Rule 56(d) request or seek reconsideration because the district court made clear that it did not think Head met his burden to pursue discovery. Because Head "had no fair opportunity to develop the record" to support his discrimination claims, we conclude that the district court abused its discretion in denying the Rule 56(d) request. *Assiniboine & Sioux Tribes*, 323 F.3d at 774.

3.    Finally, where "summary judgment was ordered but the non-moving party was improperly denied discovery, we are not in a position to view all the necessary evidence in the light most favorable to that party." *Diaz*, 752 F.2d at 1362. We

therefore vacate the grant of summary judgment on Head's Title VII claims and remand to allow Head an opportunity to pursue discovery. *Id*. at 1364.

For the foregoing reasons, we reverse the district court's ruling that Head failed to administratively exhaust his race-based claims and the denial of discovery under Rule 56(d), vacate the order granting summary judgment on Head's Title VII claims, and remand for further proceedings.

Head shall recover his costs on appeal.

**REVERSED** in part, **VACATED** in part, and **REMANDED**.